```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS


JOSE LINCOLN RODRIGUEZ,
     Petitioner,


     v.                                 CIVIL ACTION NO.
                                        20-11619-MBB

STEVEN SILVA,
     Respondent.
```

## MEMORANDUM AND ORDER RE:
## MOTION FOR APPOINTMENT OF COUNSEL
## (DOCKET ENTRY # 2)

### August 18, 2021

**BOWLER, U.S.M.J.**

Pending before this court is a motion for appointment of counsel (Docket Entry # 2) filed by petitioner Jose Lincoln Rodriguez ("petitioner"). The motion is meritless.

First, there is no constitutional right to appointment of counsel in a civil case. See Diaz v. Drew, Civil Action No. 16-11579-NMG, 2017 WL 2312823, at *2 (D. Mass. May 26, 2017); accord DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991) ("[t]here is no absolute constitutional right to a free lawyer in a civil case"). Second, even construing the pro se motion as seeking appointment of counsel under 28 U.S.C. § 1915(e)(1) ("section 1915(e)"), such an appointment is not appropriate. To warrant appointment under section 1915(e), "'an indigent litigant must demonstrate exceptional circumstances'" in "addition to

financial indigency." Snyder v. Contracted Med. for the DOC, Civil Action No. 20-10226-RGS, 2020 WL 4431749, at *2 (D. Mass. July 31, 2020) (quoting DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991)). Petitioner, who paid the filing fee, does not show an inability to afford counsel. In addition, exceptional circumstances do not exist.

In fact, it appears this petition is a successive petition which must be filed in the Court of Appeals for the First Circuit, not this court, in light of the decisions by the First Circuit attached to the petition (Docket Entry # 1-1, pp. 90-106, 108). See 28 U.S.C. § 2243(b)(3) ("section 2244(b)(3)"); see also Cremeans v. Warden, New Hampshire State Prison, Case No. 17-cv-612-PB, 2019 WL 4415743, at *3 (D.N.H. Sept. 16, 2019) (dismissal of "first petition as time-barred qualifies as an adjudication on the merits when considering a second or successive habeas petition") (collecting authority). Under section 2244(b)(3), before filing the petition in the United States District Court for the District of Massachusetts, "a prisoner '*shall* move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" Burton v. Stewart, 549 U.S. 147, 152-153 (2007) (per curiam) (quoting section 2244(b)(3)) (emphasis added).

As a final matter, petitioner requested consent forms "to find out more about the consent." (Docket Entry # 6). The Clerk

will include the consent form in petitioner's copy of this Order. Petitioner is advised that a consent form addresses whether he wishes to proceed before this Magistrate Judge (the first box on the form) or whether he wishes to refuse to proceed before this Magistrate Judge and proceed before a District Judge (the second box on the form). This court expresses no opinion on the matter. Petitioner should complete the consent form and file it in the United States District Court for the District of Massachusetts on or before September 24, 2021. If petitioner does not file the consent form by September 24, 2021 under the mailbox rule, the case will be reassigned to a district judge.

## CONCLUSION

The motion for appointment of counsel (Docket Entry # 2) is **DENIED**. Petitioner shall file a completed consent form on or before September 24, 2021.

                                               /s/ Marianne B. Bowler
                                              **MARIANNE B. BOWLER**
                                              United States Magistrate Judge